**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ZHENG QU, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Pengquan Xie, also known as Lee,**
**Defendant–Appellant.**

Nos. 07–30196, 07–30202.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2008.*

Filed June 16, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Leonie G.H. Grant, Esq., Todd L. Greenberg, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Mark W. Muenster, Esq., Vancouver, WA, for Defendant–Appellant.

** The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and WRIGHT,** District Judge.

## MEMORANDUM ***

Zheng Qu and Pengquan Xie were found guilty of conspiring to transport individuals for the purpose of prostitution and for transporting individuals for that purpose. *See* 18 U.S.C. §§ 371, 2422. Both appeal their convictions. Qu also appeals his sentence on the basis that it was unreasonable. We affirm.

(1) Qu and Xie both assert that there was plain error [1] because the prosecutor vouched for a witness. The prosecution did ask a witness if there was a plea agreement that required him to testify truthfully. But that was after Qu had argued that the witness was not trustworthy—a devious person. There was no vouching. *See United States v. Ortiz,* 362 F.3d 1274, 1278 (9th Cir.2004); *United States v. Necoechea,* 986 F.2d 1273, 1278–79 (9th Cir.1993); *United States v. Monroe,* 943 F.2d 1007, 1013–14 (9th Cir.1991); *see also United States v. Schoneberg,* 396 F.3d 1036, 1043 n. 13 (9th Cir.2005). Even were we to find some vouching, it was of the mildest sort, and the district court's instructions were sufficient to dispel any possible prejudice. *See Brooks,* 508 F.3d at 1211; *see also Ortiz,* 362 F.3d at 1279. There was no plain error.

1. No objection was made at trial. Therefore, plain error review applies. *See United States v. Brooks,* 508 F.3d 1205, 1209 (9th Cir.2007).

(2) Both Qu and Xie also claim that there was plain error [2] because the evidence does not support the jury's conclusion that they were guilty of the offenses in question. Again, we disagree. The evidence was sufficient to demonstrate that both men knew that there was a prostitution conspiracy afoot and that they acted in furtherance of that conspiracy. *See United States v. Zakharov,* 468 F.3d 1171, 1180 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 2150, 167 L.Ed.2d 879 (2007); *see also United States v. Recio,* 371 F.3d 1093, 1105 (9th Cir.2004). The necessary connection to the conspiracy was shown. *See United States v. Corona–Verbera,* 509 F.3d 1105, 1117 (9th Cir. 2007). Moreover, on the evidence, each man could certainly foresee that as part of the enterprise prostitutes would be and were induced to travel interstate in order to work at the establishment. *See Pinkerton v. United States,* 328 U.S. 640, 645–48, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946); *United States v. Sullivan,* 522 F.3d 967 (9th Cir.2008) (per curiam); *Alvarez–Valenzuela,* 231 F.3d at 1203.

(3) Xie argues that his conviction should be reversed because he was denied the right to exercise the peremptory challenges to which he was entitled. Had he been denied that right, reversal would be called for. *See United States v. Annigoni,* 96 F.3d 1132, 1141 (9th Cir.1996) (en banc). He was not. The district court merely urged counsel to act expeditiously, and Xie's counsel never suggested that he was precluded or dissuaded from exercising challenges as a result. The district court did not abuse its undoubted discretion in this area. *See id.* at 1139. There was no error.

**2.** They did not make motions for acquittal. *See* Fed.R.Crim.P. 29. Thus, plain error review applies. *See United States v. Alvarez–*

(4) Finally, Qu declares that his sentence was unreasonable. *See* 18 U.S.C. § 3553(a); *see also Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). On this record, we cannot say that the district court abused its discretion when it set Qu's sentence at eighteen months—a term some forty percent below the lowest point in his guideline range. *See United States v. Garro,* 517 F.3d 1163, 1171–72 (9th Cir.2008). And while the district court did not give a lengthy disquisition on the reasons for its sentence, it said enough in light of the relative simplicity of the sentencing issues. *See United States v. Carty,* 520 F.3d 984 (9th Cir.2008) (en banc). The court's statement was sufficient to allow for "meaningful appellate review." *Id.* at 992.

AFFIRMED.

*Valenzuela,* 231 F.3d 1198, 1200–01 (9th Cir. 2000).